UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x    **JUDGE MARRERO**

MAKSIM RABAYEV,

            Plaintiff,    **COMPLAINT**

     -against-    **07 CV No.: 10281**

THE CITY OF NEW YORK, POLICE OFFICER LIEUTENANT
AMMANUEL GONZALEZ 70th precinct, POLICE OFFICER
JASON T REYNOLDS 70th precinct, POLICE OFFICERS JOHN
DOE(S) #'s 1-5 70th precinct,

            Defendants.

———————————————————————x

RECEIVED
NOV 13 2007
U.S.D.C. S.D. N.Y.
CASHIERS

     PLAINTIFF MAKSIM RABAYEV, by his attorney DAVID A. ZELMAN, Esq. for his

COMPLAINT, alleges upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1.     This is a civil rights action in which PLAINTIFF MAKSIM RABAYEV (hereinafter

"RABAYEV") seeks damages to redress the deprivation, under color of state law, of

rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of

the United States Constitution.  On or about August 22, 2006 at approximately 1:00

A.M., at or near Kolbert Park near Ave. L and East 18th Street Brooklyn, RABAYEV

was falsely arrested by Defendants including, but not limited to, POLICE OFFICER

LIEUTENANT AMANUEL GONZELEZ, POLICE OFFICER JASON T

REYNOLDS, POLICE OFFICER JANE/JOHN DOE # 1-5 (hereinafter

"Defendants").  It is alleged that Defendants falsely arrested RABAYEV in violation

of his constitutional rights. While in custody RABAYEV was unlawfully detained

for approximately three days. It is further alleged that RABAYEV was strip searched and assaulted by Defendants. As a result of the excessive force used by Defendants, RABAYEV suffered physical and mental injuries.

## II. JURISDICTION

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3.    RABAYEV at all times resided at 945 East 26 Street, Apt. B1, Brooklyn, NY 11210

4.    Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.    Defendant POLICE OFFICER LIEUTENANT AMMANUEL GONZALEZ (hereinafter "LT. GONZALEZ") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

6.    Defendant POLICE OFFICER JASON T REYNOLDS (hereinafter "REYNOLDS") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

7.    Defendants POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-5 (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

8.    At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

9.    On or about August 22, 2006 at approximately 1:00 A.M., at or near Kolbert Park near Ave. L and East 18th Street Brooklyn, RABAYEV was with a friend.

10.    Defendants approached RABAYEV and wrote him a summons for having an open container of alcohol in public. Defendants then searched RABAYEV and found he was carrying a hammer. The hammer was confiscated by Defendants even though RABAYEV repeatedly said he required it for work.

11.    Defendants started mocking RABAYEV which ended with the arrest of RABAYEV by Defendants.

12.    RABAYEV was then taken to the 70th Precinct. Defendants refused to release RABAYEV from his handcuffs even though he was being placed in a holding cell.

13.    While placing him in the cell, and while still handcuffed, Defendant punched RABAYEV in the back of the head and pushed him into the cell.

14. Approximately one to two minutes later, Defendants approached the holding cell and dragged RABAYEV out by his legs. Defendants then proceeded to punch and beat RABAYEV causing serious physical injury.

15. Defendants held RABAYEV down while a Defendant tazered RABAYEV multiple times with Defendants stun gun.

16. Defendants then picked up RABAYEV, and threw him against the wall. Defendants searched through his pockets. When Defendants completed the search, they punched him repeatedly and dragged him back into the holding cell.

17. Only after approximately 30 minutes had passed did Defendants call the Emergency Medical Services. Rabayev was then transferred to Brookdale Hospital and stayed there for approximately 3 hours.

18. RABAYEV was returned to the 70th precinct, taken to Central Booking and then to Riker's Island Penitentiary where RABAYEV was strip searched. After approximately three days, RABAYEV was released on bail.

19. RABAYEV immediately went to a New York Community Hospital where it was determined he had numerous physical injuries including multiple burns from the stun gun and bruised ribbs.

20. RABAYEV was charged with multiple offences, including a felony. The felony was dismissed, however the case is still pending in Brooklyn Criminal Court.

21. That heretofore and on the 30th day of October, 2006, RABAYEV's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of RABAYEV, the nature of the claim, the time when,

the place where, the manner in which the claim arose and the items of damage and injuries sustained.

22.     That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

23.     Paragraphs 1 through 22 of this complaint are hereby realleged and incorporated by reference herein.

24.     That Defendants had neither valid evidence for the arrest of RABAYEV nor legal cause or excuse to seize and detain him for approximately three days.

25.     That in detaining RABAYEV for approximately three days, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. RABAYEV was but one of those persons.

26.     Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

27.   As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

28.   The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of RABAYEV's rights alleged herein.

29.   By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of RABAYEV's rights, subjected RABAYEV to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

30.   By reason of the foregoing, RABAYEV suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

31.   Paragraphs 1 through 30 are hereby realleged and incorporated by reference herein.

32.   That the seizure, detention and imprisonment of RABAYEV was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

33.   That Defendants intended to confine RABAYEV.

34.     That RABAYEV was conscious of the confinement and did not consent to it.

35.     That the confinement was not otherwise privileged.

36.     By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of RABAYEV's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

37.     That by reason of the foregoing, RABAYEV suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

38.     Paragraphs 1 through 37 are hereby realleged and incorporated by reference herein.

39.     That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

40.     That Defendants had no legal cause or reason to use excessive force in effectuating RABAYEV's arrest or after RABAYEV was arrested and in custody.

41.     That Defendants violated RABAYEV's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

42.     That at the time of the arrest, RABAYEV did not pose a threat to the safety of the arresting officers.

43.     That RABAYEV was not actively resisting arrest or attempting to evade arrest.

44. That defendant CITY, through its officers, agents, and employees, unlawfully subjected RABAYEV to excessive force while effectuating his arrest.

45. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

46. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of RABAYEV's rights, subjected RABAYEV to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

47. That upon information and belief, in 2006, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

48. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

49. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

50. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of RABAYEV's rights alleged herein.

51. By reason of the foregoing, RABAYEV suffered physical injuries, mental injuries,

emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

52.    Paragraphs 1 through 51 are hereby realleged and incorporated by reference herein.

53.    That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

54.    That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

55.    That Defendants had no legal cause or reason to use excessive force in effectuating RABAYEV's arrest or after RABAYEV was arrested and in custody.

56.    That at the time of the arrest, RABAYEV did not pose a threat to the safety of the arresting officers.

57.    That RABAYEV was not actively resisting arrest or attempting to evade arrest.

58.    That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

59.    That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of RABAYEV's rights, subjected RABAYEV to excessive force while effectuating his arrest, in violation of the laws of the State of New York

60.    By reason of the foregoing, RABAYEV suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. SIXTH CAUSE OF ACTION
### Pursuant to §1983 (ILLEGAL STRIP SEARCH)

61.    Paragraphs 1 through 60 are hereby realleged and incorporated by reference

herein.

62.    That Defendants strip searched RABAYEV absent a requisite reasonable suspicion

that RABAYEV was concealing weapons and / or contraband.

63.    That Defendants had no legally sufficient cause to strip search RABAYEV.

64.    That by reason of Defendants acts and omissions, Defendants acting under color of

State law and within the scope of their authority, in gross and wanton disregard of

RABAYEV'S rights, subjected RABAYEV to an illegal strip search, in violation of

his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States

Constitution.

## X. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (ILLEGAL STRIP SEARCH)

65.    Paragraphs 1 through 64 are hereby realleged and incorporated by reference

herein.

66.    That Defendants strip searched RABAYEV absent a requisite reasonable suspicion

that RABAYEV was concealing weapons and / or contraband.

67.    That Defendants had no legally sufficient cause to strip search RABAYEV.

68.    That by reason of Defendants acts and omissions, Defendants acting under color of

State law and within the scope of their authority, in gross and wanton disregard of

RABAYEV'S rights, subjected RABAYEV to an illegal strip search, in violation of

his rights pursuant to the Fourth and Fourteenth Amendments of the United States

Constitution.

### XI. EIGHTH CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

69.    Paragraphs 1 through 68 are hereby realleged and incorporated by reference

herein.

70.    That Defendants with malicious intent, arrested RABAYEV and initiated a criminal

proceeding despite the knowledge that RABAYEV had committed no crime.

71.    That felony charge against RABAYEV was terminated in his favor and the several

remaining charges are still pending..

72.    That there was no probable cause for the arrest and criminal proceeding.

73.    That by reason of Defendants' acts and omissions, Defendants, acting under the color

of state law and within the scope of their authority, in gross and wanton disregard of

RABAYEV's rights, deprived RABAYEV of his liberty when they maliciously

prosecuted him and subjected him to an unlawful, illegal and excessive detention, in

violation of his rights  pursuant to the Fourth and Fourteenth Amendments of the

United States Constitution.

74.    That upon information and belief, Defendants had a policy and /or custom of

maliciously prosecuting individuals despite the lack of probable cause.  Thus, as a

result of the above described policies and customs, RABAYEV was maliciously

prosecuted despite the fact that he had committed no violation of the law.

75.    That upon information and belief it was the policy and /or custom of defendant

CITY to inadequately hire, train, supervise, discipline and /or terminate their officers,

staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

76.   That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

77.   That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of RABAYEV's rights alleged herein.

78.   That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

79.   That upon information and belief, in 2006, defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

80.   That by reason of the foregoing, RABAYEV suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity.  All of said injuries may be permanent.

## XII.  NINTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

81.   Paragraphs 1 through 80 are hereby realleged and incorporated by reference herein.

82.  That Defendants acted with malicious intent, arrested RABAYEV and initiated a criminal proceeding despite the knowledge that RABAYEV had committed no crime.

83   That felony charge against RABAYEV was terminated in his favor and the several remaining charges are still pending

84.  That there was no probable cause for the arrest and criminal proceeding.

85.  That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of RABAYEV's rights, deprived RABAYEV of his liberty when they  maliciously prosecuted him in violation of the Laws of the State of New York.

86.  That by reason of the foregoing, RABAYEV suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity.  All of said injuries may be permanent.

### XIII. TENTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

87.  Paragraphs 1 through 86 are hereby realleged and incorporated by reference herein.

88.  That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

89.  That at all times Defendants were acting within the scope of their employment.

90.  That Defendant CITY was able to exercise control over Defendants activities.

91.  That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior.

92.  By reason of the foregoing, RABAYEV suffered physical injuries, mental injuries,

emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, RABAYEV has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, RABAYEV respectfully requests that judgment be entered:

1.   Awarding RABAYEV compensatory damages in a full and fair sum to be determined by a jury;

2.   Awarding RABAYEV punitive damages in an amount to be determined by a jury;

3.   Awarding RABAYEV interest from August 22, 2006; and

4.   Awarding RABAYEV reasonable attorney's fees pursuant to 42 USC §1988; and

5.   Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
       November 7, 2007

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

MAKSIM RABAYEV,

                       Plaintiff,

                                                  Case No.:

      -against-

THE CITY OF NEW YORK,
POLICE OFFICER LIEUTENANT GONZALES 70th precinct,
POLICE OFFICER FNU REYNOLDS 70th precinct,
POLICE OFFICERS JOHN DOE(S) #'s 1-4 70th precinct,

                       Defendants,
_____X

_____

**SUMMONS and COMPLAINT**

_____

DAVID A. ZELMAN (DZ8578)
ATTORNEY FOR PLAINTIFF
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072